UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PRINCE RODGERS,                        :
                Plaintiff,          :
v.                             :
                             :
CITY OF YONKERS; DETECTIVE     :      **OPINION AND ORDER**
MICHELLE PICIULLI; DETECTIVE NEAL  :
CROMWELL; and COUNTY OF       :      19 CV 5358 (VB)
WESTCHESTER,                  :
                Defendants.    :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Prince Rodgers, proceeding pro se and in forma pauperis, brings this action

pursuant to 42 U.S.C. § 1983 against defendants the City of Yonkers, Detective Michelle

Piciulli, Detective Neal Cromwell, and the County of Westchester, asserting claims for malicious

prosecution, negligent hiring, and failure to adequately train law enforcement personnel.[1]

Now pending is the County's unopposed motion to dismiss the complaint pursuant to

Rule 12(b)(6).  (Doc. #13).[2]

For the following reasons, the County's motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1]    In its Order of Service dated July 22, 2019, the Court dismissed plaintiff's claims against
Yonkers Police Corporation, then-District Attorney Janet DiFiore, and Assistant District
Attorney Joseph Sevino ("Sevino").  (Doc. #9 at 4).

[2]    Despite multiple extensions of time, plaintiff failed to oppose the motion.  Accordingly,
on November 25, 2019, the Court deemed the motion fully submitted and unopposed.
(Doc. # 28).

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

On September 14, 2015, several members of the Yonkers Police Department arrested plaintiff for an alleged assault that took place on August 30, 2015. Plaintiff alleges his arrest warrant was "invalid" and based on "a facially insufficient felony complaint." (Doc. #2 ("Compl.") at 4).[3] He further alleges Detective Piciulli "coerced" an affidavit of the alleged victim to obtain the warrant. (Id.). Moreover, plaintiff asserts the victim "provided false testimony" at the preliminary hearing following plaintiff's arrest. (Id.).

Plaintiff further alleges Detective Cromwell and a non-party witness "falsely testified" during a grand jury proceeding on October 31, 2015, about the alleged assault and plaintiff's subsequent arrest. (Compl. at 4). According to plaintiff, Assistant District Attorney Sevino, who prosecuted the matter, presented "inadmissible evidence" to the grand jury, "causing the hearing to be defective." Id.

The grand jury returned a six-count indictment, including five counts related to the August 30 incident—four counts of assault and one count of criminal possession of a weapon—and one count of criminal possession of a weapon related to plaintiff's September 14 arrest.

A jury trial was held at the Westchester County Courthouse. There, plaintiff asserts Detectives Piciulli and Cromwell and two non-party witnesses "provided false testimony under oath." (Compl. at 5). Sevino allegedly again relied on "inadmissible evidence," and was aware of "false testimony" and affidavits. (Id.). Plaintiff asserts then-District Attorney DiFiore was

---

[3] Citations to "Compl. at __" refer to page numbers automatically assigned by the Court's Electronic Case Filing system.

"aware of [Sevino's] prosecutorial misconduct" and "failed to properly supervise the prosecution." (Id.).

On June 7, 2016, a jury acquitted plaintiff of four counts related to the alleged August 30 assault, but found plaintiff guilty of criminal possession of a weapon on the date of his arrest.[4] As a result, plaintiff received an indeterminate sentence of 3 to 6 years' imprisonment.

## DISCUSSION

I.    Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[5]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4]    One of the four assault charges was not presented to the jury.  Thus, the jury acquitted plaintiff of three counts of assault and one count of criminal possession of a weapon related to the August 30 incident.

[5]    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.    Monell Claim

The County argues plaintiff has failed plausibly to state a claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), and, as such, plaintiff's claims against the County should be dismissed.

The Court agrees.

"It is axiomatic that municipalities cannot be held liable pursuant to § 1983 on a respondeat superior theory." Betts v. Shearman, 2013 WL 311124, at *15 (S.D.N.Y. Jan. 24, 2013) (citing Monell v. Dep't of Soc. Servs, 436 U.S. at 690).[6] Instead, "[t]o hold a [municipality] liable under 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the

---

[6]    Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490

F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).

To allege such a policy or custom, a plaintiff may assert one of the following:

(1) the existence of a formal policy officially endorsed by the municipality;
(2) actions taken or decisions made by municipal officials with final decision
making authority, which caused the alleged violation of plaintiff's civil rights;
(3) a practice so persistent and widespread that it constitutes a custom of which
constructive knowledge can be implied on the part of the policymaking officials; or
(4) a failure by policymakers to properly train or supervise their subordinates,
amounting to "deliberate indifference" to the rights of those who come in contact
with the municipal employees.

Guzman v. United States, 2013 WL 5018553, at *3 (S.D.N.Y. Sept. 13, 2013) (quoting Saenz v.

Lucas, 2008 WL 2735867, at *5 (S.D.N.Y. July 9, 2008)).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that

defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678,

(2009)." Guzman v. United States, 2013 WL 5018553, at *4 (quoting Leatherman v. Tarrant

Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). In other words,

"boilerplate" allegations will not suffice. Id. at *3.

"[A]llegations [that a defendant] acted pursuant to a 'policy,' without any facts

suggesting the policy's existence, are plainly insufficient." Missel v. County of Monroe, 351 F.

App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985

F.2d 94, 100–02 (2d Cir. 1993)). It is also not enough for a plaintiff to allege that "a particular

[employee] may be unsatisfactorily trained or that an otherwise sound program has occasionally

been negligently administered." Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d

415, 440 (2d Cir. 2009). Simply, a "conclusory allegation[] that a municipality failed to train

and supervise its employees is insufficient to state a <u>Monell</u> claim." <u>Davis v. City of New York</u>, 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008).

Liberally construed, the complaint alleges the County negligently hired and failed adequately to train Sevino, "who conducted a defective grand jury proce[e]ding and admitted inadmissible evidence into the trial," and that the County, through DiFiore, "failed to correctively act upon the defective indictment, all in order to maintain a criminal charge." (Compl. at 5). To that end, plaintiff asserts the County deprived him "of his United States Constitutional rights to due process." (<u>Id</u>.). He claims as damages "loss of wages, loss of apartment, [] and loss of liberty, as well as mental duress." (<u>Id</u>. at 4).

Yet, fatal to plaintiff's claim against the County is the absence of any allegations of a municipal custom or policy, closely related to plaintiff's alleged injuries, that caused an unlawful, constitutional deprivation.

Specifically, plaintiff fails to allege facts suggesting the County, through DiFiore or any other employee with decision-making authority, enforced or acquiesced to a policy or custom precipitating inadequate training or negligent hiring of its staff. He also fails plausibly to allege facts demonstrating a custom or policy to prosecute defective criminal complaints, encourage false testimony, or ignore rules of evidence. In short, plaintiff's claims against the County are conclusory and unsupported.

For these reasons, the complaint plainly fails to state a <u>Monell</u> claim against the County.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #13) and terminate defendant County of Westchester.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  December 3, 2019
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge