UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PRINCE RODGERS,

                        Plaintiff,             **ORDER DISMISSING CASE**
                                                  **FOR FAILURE TO PROSECUTE**
     -against-

                                                    19 Civ. 5358 (PED)

CITY OF YONKERS, et al.,

                        Defendants.
----------------------------------------------------------X
**PAUL E. DAVISON, U.S.M.J.**

       On February 14, 2020, the parties in the above-captioned case Consented to my jurisdiction for all purposes pursuant to 28 U.S.C. §636(c) (Dkt. #35).

       On May 21, 2020, pro se plaintiff Prince Rodgers and defense counsel appeared via AT&T teleconferencing at the Court's initial conference in the above-captioned case.[1] Plaintiff was asked to verify his contact information; he verified the address which appears on the docket and provided a telephone number (347-285-5775) ("the verified phone number") different from the one which appears on the docket.

       On July 20, 2020, the parties appeared via AT&T teleconferencing for the next scheduled conference. During that conference, I scheduled a telephone conference for August 26, 2020 at 10:00 a.m.

       On August 26, 2020, defense counsel appeared via AT&T teleconferencing; plaintiff failed to appear. Chambers staff left a voicemail message on the verified phone number (including dial-instructions). Plaintiff did not respond. Accordingly, I issued an Order to Show

---

[1] The initial conference was adjourned from April 7, 2020 to May 21, 2020 because plaintiff had not been notified of the AT&T call-in number and access code. All civil conferences have been conducted telephonically since March 30, 2020.

Cause (Dkt. #41) wherein I:

• reminded plaintiff of the duty to diligently prosecute this action under Rule 41(b) of the Federal Rules of Civil Procedure;

• informed him that he must participate in a telephone conference scheduled for September 10, 2020 at 11:30 a.m. and show cause for his failure to participate in the August 26th teleconference;

• reminded him of the AT&T toll-free number (877-336-1839) and access code (5999739); and

• notified him that his failure to comply with the Order to Show Cause may result in sanctions, including dismissal of his case for failure to prosecute.

On September 10, 2020, the parties appeared via AT&T teleconferencing. Plaintiff stated that he did not appear at the previous conference because he was at work and could not answer the phone. Plaintiff also admitted that he forgot about the conference and provided assurances that he would not miss another conference.

On October 9, 2020, the parties appeared via AT&T teleconferencing for the next scheduled conference. During that conference, I scheduled a telephone conference for November 12, 2020 at 9:30 a.m.

On November 12, 2020, defense counsel appeared via AT&T teleconferencing; plaintiff failed to appear. Chambers staff left a voicemail message on the verified phone number (including dial-instructions). Plaintiff did not respond. Accordingly, I issued an Order (Dkt. #42) wherein I:

• reminded plaintiff of the duty to diligently prosecute this action under Rule 41(b) of the Federal Rules of Civil Procedure;

  • informed him that he must participate in a telephone conference scheduled for December 11, 2020 at 9:30 a.m. and explain his failure to participate in the November 12th teleconference;

  • reminded him of the AT&T toll-free number and access code; and

  • notified him that his failure to comply with the Order may result in sanctions, including dismissal of his case for failure to prosecute.

  This morning, December 11, 2020, defense counsel appeared via AT&T teleconferencing; plaintiff failed to appear. Chambers staff left a voicemail message on the verified phone number (including dial-instructions). Plaintiff has not responded as of 4:00 p.m.

  Presently before this Court is defense counsel's oral motion to dismiss for failure to prosecute. For the reasons that follow, defendants' motion is **GRANTED**.

  If a plaintiff fails to diligently prosecute his case–as evidenced here–or to comply with a court order–as evidenced here–the Court may dismiss the action. See Fed. R. Civ. P. 41(b); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). In deciding whether to dismiss an action pursuant to Rule 41(b), the Court must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." Id. (quotation marks and citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014).

  A balancing of these factors as applied to the circumstances of the instant case compels

the conclusion that dismissal of plaintiff's complaint is warranted.  *First*, "[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal."  Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). Here, plaintiff has not communicated with the Court, participated in conferences or taken any steps to prosecute this action for two months.  That length of time is sufficient to justify dismissal.  See Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004).[2]  Further, this latest lapse is not the first; plaintiff has once again failed to appear despite two separate Orders warning him of the consequences of failing to appear and affording him another opportunity to prosecute his case.  *Second*, plaintiff was put on notice by the Court's August 26th Order to Show Cause and November 12th Order that his failure to appear could result in dismissal of his case.  Chambers staff mailed a copy of both Orders (on the date they issued) to plaintiff at the address which appears on the docket.  Any claim of absence of notification would be the direct result of plaintiff's own failure to notify the Court and defendants of his whereabouts.  *Third*, plaintiff offers no excuse for his failure to appear at two scheduled conferences, while defense counsel has appeared at each scheduled conference, wasting time and taxpayer money.  Defendants have been forced to bear the expense of defending a lawsuit that plaintiff has shown no interest in pursuing.  "[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience."  See Reid v. New York City, No. 07 Civ. 9788, 2009 WL 2222608, at *4 (S.D.N.Y. July 23, 2009) (quotation and citation omitted).  Under the circumstances, prejudice to defendants can be fairly presumed.  *Fourth*, this Court has already

---

[2] Copies of all unpublished cases available only in electronic form cited herein have been mailed to plaintiff.  See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

given plaintiff an opportunity to proceed on the merits, specifically by issuing the November 12th Order rather than dismissing the action despite plaintiff's prior failure to appear.  Further, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."  See Alomar v. Recard, No. 07 Civ. 5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quotation and citation omitted).  *Fifth*, plaintiff has twice ignored the Court's Orders and warnings of the consequences of his failure to appear.  Plaintiff has apparently lost interest in his case, and there is no reason to believe that any alternative, lesser sanction to dismissal would spur plaintiff to diligently pursue the action.

Accordingly, for all the foregoing reasons, this action is **DISMISSED** pursuant to FRCP 41(b).

The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

Dated: December 11, 2020  **SO ORDERED.**
      White Plains, New York

_____
PAUL E. DAVISON, U.S.M.J.

CHAMBERS HAS MAILED A COPY OF THIS ORDER TO THE PLAINTIFF AT THE ADDRESS WHICH APPEARS ON THE DOCKET.